IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| L.G. and P.G., INDIVIDUALLY AND AS PARENTS, AND NEXT FRIENDS OF P.G.2,<br>    Plaintiffs,<br><br>And<br><br>LAKE CENTRAL SCHOOL CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>) Cause No.  2:24-cv-140<br>)<br>)<br>) |

COMPLAINT and DEMAND FOR TRIAL BY JURY

COMES NOW, L.G. AND P.G., INDIVIDUALLY, AND AS PARENTS AND NEXT FRIENDS OF P.G.2, and does hereby bring this action against Defendant school corporation LAKE CENTRAL SCHOOL CORPORATION (hereinafter "Lake Central") for damages suffered as a result of discrimination against L.G., P.G., and P.G.2 on the basis of P.G.2's disability. Plaintiffs hereby request a trial by jury in this matter.

## INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

2. L.G., P.G., and P.G.2 live in Lake County, Indiana. Lake Central is located in Lake County, Indiana.

3. P.G.2, is a qualified individual with a disability and was at all times relevant a student at Lake Central.

4. Lake Central is an Indiana public school corporation that receives federal funding for the education of students with disabilities and other services.

5. Lake Central discriminated against P.G.2 on the basis of his disability and as a result, L.G., P.G., and P.G.2 have suffered emotional, pecuniary, and actual damages.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 USC §1331 and §1367, the Fourteenth Amendment, Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

7. This Court, without regard to the amount in controversy has jurisdiction over the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

8. Venue is proper in the NORTHERN District of Indiana, Hammond Division, because all of the actions took place in Lake County. Additionally, the parties lived, resided, attended school, or were incorporated in Lake County, Indiana when all the relevant action took place.

## PARTIES

9. L.G., P.G., and P.G.2 live in Lake County, Indiana and P.G.2 has legal residence within the Lake Central school boundaries.

10. P.G.2 is a qualified individual with a disability and his parent(s) are L.G. and P.G.

11. Lake Central is a public school corporation in Lake Central County, Indiana and located at 8260 Wicker Avenue St. John, IN 46373.

## **FACTS APPLICABLE TO ALL COUNTS**

12. Plaintiffs incorporate by reference all other allegations as if fully set forth here.

13. P.G.2 is kindergartner on the Autism Spectrum. He has an Individualized Education Plan ("IEP"), pursuant to the Individuals with Disabilities Education Act ("IDEA").

14. P.G. and L.G. found that P.G.2's behaviors began escalating without explanation from Lake Central. As a result, L.G. and P.G. had P.G.2 privately evaluated.

15. The evaluation revealed that P.G.2 has autism spectrum disorder.

16. Though L.G., P.G.2's mother gave Lake Central a copy of the evaluation in August of 2023, no changes were made to P.G.2's IEP. In fact, she was told that the evaluation would change nothing for P.G.2

17. However, P.G.2's behavior continued to escalate and P.G.2 began have more and more sensory regulation issues.

18. These issues were exacerbated by school officials who did not provide P.G.2 with an appropriate IEP and who refused to follow the advice of the evaluation team.

19. By the Fall of 2023, Lake Central began removing P.G.2 from class and restricted his access to peers as a result of the behaviors P.G.2 was exhibiting.

20. P.G.2 has been denied access to school attendance through the use of suspensions and has been denied recess for behaviors that are a manifestation of his disability.

21. In the Fall of 2023, L.G. received an anonymous call from a school official that several teachers had bullied P.G.2.

22. Upon information and belief, a staff member removed P.G.2's shirt in front of other students and would not allow him to wear it.

23. Upon information and belief, staff members then took pictures of P.G.2 and shared them amongst other staff.

24. Upon information and belief, staff members openly made fun of P.G.2 in front of him and were openly laughing at him in front of him and other students.

25. Upon information and belief, these pictures were transmitted electronically to other staff members for the purpose of humiliating P.G.2.

26. When L.G. discussed this matter with Lake Central officials, Lake Central refused to acknowledge what took place and provide satisfactory corrective action.

27. L.G. and P.G. no longer feel P.G.2 is safe at his school.

28. These actions harmed L.G., P.G., and P.G.2 financially and emotionally.

## COUNT 1 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

29. Plaintiffs hereby replead and incorporate by reference paragraphs 1-28.

30. P.G.2 is an individual with a disability and was entitled to attend school at Lake Central because he has legal settlement there.

31. Lake Central is an Indiana public school corporation that receives federal funding for educating students with special needs and other federal funds.

32. Lake Central violated the Fourteenth Amendment by excluding P.G.2 from the same benefits and services to which nondisabled students have access as a result of his disability.

33. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT II – VIOLATION OF 42 U.S.C. §1983

34. Plaintiffs hereby incorporate and replead paragraphs 1-33.

35. Lake Central is a state actor and used its power to willfully, wantonly, and recklessly discriminate against the Family on the basis of P.G.2's disability.

36. Lake Central used its authority under state law to deprive P.G.2 access to equal protection under applicable federal laws.

37. Lake Central conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

38. Lake Central's actions were a gross misjudgment and made in bad faith.

39. Lake Central has a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other students or punishing them more frequently for similar behaviors.

40. Lake Central's relevant policies and practices have had a disparate and disproportionate impact on disabled students.

41. Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

42. Plaintiffs hereby incorporate and replead paragraphs 1-41.

43. Lake Central discriminated against the Family on the basis of P.G.2's disability.

44. Lake Central is a state actor and receives federal funds for P.G.2's benefit, including but not limited to funds under the Title One, School Nutrition Funds, and funds under the IDEA.

45. Lake Central's actions have prevented P.G.2 from attending school, which is his constitutional right.

46. Lake Central's actions and inactions created an environment that was severe and pervasive enough to deprive P.G.2 of access to educational benefits.

47. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV – VIOLATION OF SECTION 504

48. Plaintiffs hereby replead and incorporate by reference all allegations in paragraphs 1-47.

49. P.G.2 is a qualified individual with a disability.

50. Lake Central's actions prevented P.G.2 from attending school, even though he had a constitutional right to do so.

51. Lake Central's actions and inactions created an environment that was severe and pervasive enough to deprive P.G.2 of access to educational benefits.

52. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT V- RETALIATION

53. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-49.

54. Lake Central retaliated against G. Family for L.G. and P.G.'s advocacy for P.G.2 and because L.G. and P.G. filed a complaint against Lake Central.

55. As a result of Lake Central's retaliation, Plaintiffs have suffered financial and emotional harm.

## COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-55.

55. Lake Central acted intentionally and in reckless disregard of P.G.2's emotion or his parents' emotions.

56. Lake Central's conduct was extreme, outrageous, and purposefully humiliating.

57. As a result of Lake Central's retaliation, Plaintiffs have suffered financial and emotional harm.

## PRAYER FOR RELIEF

58. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-57.

59. Plaintiffs were harmed as a result of Lake Central's actions and seek to be made whole financially.

60. Plaintiffs seek financial damages in an amount to be determined at trial.

61. Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

62. Plaintiffs' attorneys' fees should be reimbursed.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

Respectfully submitted,
CURLIN & CLAY LAW ASSN. OF ATTYS.,

/s/ Alexandra M. Curlin
Alexandra M. Curlin  #24841-49
Curlin & Clay Law
8510 Evergreen Ave., Ste. 200
Indianapolis, IN 46240
amcurlin@curlinclaylaw.com
