IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| L.G. and P.G., INDIVIDUALLY AND AS PARENTS, AND NEXT FRIENDS OF P.G.2, <br>     Plaintiffs, <br><br> And <br><br> LAKE CENTRAL SCHOOL CORPORATION, TISA AUGSBERGER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ALISON PETRALIA, IN OFFICIAL AND INDIVIDUAL CAPACITY, LORI MOORE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, AND BECKY SEZNIAK, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, <br>     Defendants. | Cause No.   2:24-cv-140 |

## AMENDED COMPLAINT and DEMAND FOR TRIAL BY JURY

COMES NOW, L.G. AND P.G., INDIVIDUALLY, AND AS PARENTS AND NEXT FRIENDS OF P.G.2, and does hereby bring this action against Defendant school corporation Lake Central School Corporation (hereinafter "Lake Central"), Tisa Augsberger ("Augsberger", in her individual capacity, Alison Petralia ("Petralia"), in her individual capacity, Lori Moore ("Moore"), in her individual capacity, and Becky Sezniak ("Sezniak"), in her individual capacity, for damages suffered as a result of discrimination against L.G., P.G., and P.G.2 on the basis of P.G.2's disability. Plaintiffs hereby request a trial by jury in this matter.

1

## INTRODUCTION

1. This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act in in tort.

2. L.G., P.G., and P.G.2 live in Lake County, Indiana. Lake Central is located in Lake County, Indiana.

3. Augsberger, Moore, Petralia, and Sezniak are all employees of Lake Central School Corporation.

4. P.G.2, is a qualified individual with a disability and was at all times relevant a student at Lake Central.

5. Lake Central is an Indiana public school corporation that receives federal funding for the education of students with disabilities and other services.

6. Defendants, collectively, discriminated against P.G.2 on the basis of his disability and as a result, L.G., P.G., and P.G.2 have suffered emotional, pecuniary, and actual damages.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case pursuant to 28 USC §1331 and §1367, the Fourteenth Amendment, Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

8. This Court, without regard to the amount in controversy has jurisdiction over the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

9. Venue is proper in the Northern District of Indiana, Hammond Division, because all of the actions took place in Lake County. Additionally, the parties lived, resided, attended school, or were incorporated in Lake County, Indiana when all the relevant action took place.

## PARTIES

10. L.G., P.G., and P.G.2 live in Lake County, Indiana and P.G.2 has legal residence within the Defendants school boundaries.

11. P.G.2 is a qualified individual with a disability and his parent(s) are L.G. and P.G.

12. Lake Central is a public school corporation in Defendants County, Indiana and located at 8260 Wicker Avenue St. John, IN 46373.

13. Augsberger was P.G.2's teacher of record and is an employee of Lake Central School Corporation.

14. Moore is an employee of Lake Central School Corporation and worked with P.G.2 during the 2023-2024 school year.

15. Petralia is the principal of Bibich Elementary School, the school P.G.2 attended. Bibich Elementary School is a school in the Lake Central School Corporation.

16. Sezniak is an employee of Lake Central School Corporation and worked with P.G.2 during the 2023-2024 school year.

3

**FACTS APPLICABLE TO ALL COUNTS**

17.     Plaintiffs incorporate by reference all other allegations as if fully set forth here.

18.     P.G.2 is kindergartner on the Autism Spectrum. He has an Individualized Education Plan ("IEP"), pursuant to the Individuals with Disabilities Education Act ("IDEA").

19.     Throughout the 2022-2023 school year, P.G. and L.G. found that P.G.2's behaviors began escalating without explanation from district employees. As a result, L.G. and P.G. had P.G.2 privately evaluated.

20.     The evaluation revealed that P.G.2 has autism spectrum disorder.

21.     Though L.G., P.G.2's mother gave Defendants a copy of the evaluation in August of 2023, no changes were made to P.G.2's IEP. In fact, she was told that the evaluation would change nothing for P.G.2.

22.     During the Fall of the 2023 semester, P.G.2's behavior continued to escalate and P.G.2 began having more and more sensory regulation issues.

23.     These issues were exacerbated by school officials who did not provide P.G.2 with an appropriate IEP and who refused to follow the advice of the evaluation team.

24.     By the Fall of 2023, Defendants, collectively began removing P.G.2 from class and restricting his access to peers as a result of the behaviors P.G.2 was exhibiting.

4

25. These removals included being forcibly put in a padded room alone while P.G.2 was screaming and crying. Teachers, including Augsberger, would stand on the other side of the door of the padded room and prevent P.G.2 from leaving the room.

26. P.G.2 would be forced to stay in the padded room for hours at a time and sometimes until he cried himself to sleep.

27. P.G.2 has been denied access to school attendance through the use of suspensions and has been denied recess for behaviors that are a manifestation of his disability.

28. In the Winter of 2024, L.G. received an anonymous letter from an unknown person that several teachers had bullied P.G.2.

29. Upon information and belief, P.G.2 complained his back was itchy. Rather than send him to the nurse's office, Moore, took off P.G.2's shirt and scratched his back, leaving red marks.

30. Upon information and belief, Moore then told P.G.2 that because she had scratched his back, that he needed to scratch the back of all the teachers there. P.G.2 then scratched Sezniak's back, while teachers laughed and Moore took pictures.

31. Upon information and belief, Moore and the other teachers present began laughing at P.G.2 and took pictures of him, shirtless, scratching Sezniak's back.

5

32. Upon information and belief, Augsberger then came into the classroom and Moore told her what was happening.

33. Augsberger then began laughing also and also took pictures of P.G.2.

34. Augsberger then went into an IEP meeting where L.G. was present and never told L.G. about the incident or shared the pictures with L.G.

35. An eye witness complained to Petralia about the event.

36. Petralia never interviewed the eye witness and never asked to see the pictures taken by Moore or Augsberger.

37. Petralia never informed L.G. or P.G. about the incident.

38. Petralia never asked to see the pictures taken by Augsberger and without looking at them, instructed her to delete them immediately.

39. Petralia never confirmed whether Moore took pictures of P.G.2 and never asked to see her phone to see the pictures.

40. Upon information and belief, staff members openly made fun of P.G.2 in front of him and were openly laughing at him in front of him and other students.

41. Upon information and belief, these pictures were transmitted electronically to other staff members for the purpose of humiliating P.G.2.

42. When L.G. discussed this matter with Defendants officials, Defendants refused to acknowledge what took place and provide satisfactory corrective action.

6

43. L.G. and P.G. no longer feel P.G.2 is safe at his school.

44. These actions harmed L.G., P.G., and P.G.2 financially and emotionally.

## COUNT 1 – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

45. Plaintiffs hereby replead and incorporate by reference paragraphs 1-44.

46. P.G.2 is an individual with a disability and was entitled to attend school at Defendants because he has legal settlement there.

47. Lake Central is an Indiana public school corporation that receives federal funding for educating students with special needs and other federal funds.

48. Augsberger, Moore, Petralia, and Sezniak, as employees of Lake Central had a duty to provide P.G.2 appropriate accommodations, respect his privacy, and treat him like all other non-disabled students.

49. Defendants, collectively, violated the Fourteenth Amendment by excluding P.G.2 from the same benefits and services to which nondisabled students have access as a result of his disability.

50. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT II – VIOLATION OF 42 U.S.C. §1983

51. Plaintiffs hereby incorporate and replead paragraphs 1-49.

7

52. Defendants are state actors and used their power and authority to willfully, wantonly, and recklessly discriminate against the Family on the basis of P.G.2's disability.

53. Defendants used their authority under state law to deprive P.G.2 access to equal protection under applicable federal laws.

54. Defendants conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

55. Defendants' actions were a gross misjudgment and made in bad faith.

56. Defendants have a widespread pattern and practice of discriminating against disabled students by not providing them with the same protections as other students or punishing them more frequently and more severely for similar behaviors.

57. Defendants' relevant policies and practices have had a disparate and disproportionate impact on disabled students.

58. Plaintiffs have been emotionally and financially harmed by Defendants' actions.

### COUNT III – VIOLATION OF AMERICANS WITH DISABILITIES ACT

59. Plaintiffs hereby incorporate and replead paragraphs 1-57.

60. Defendants discriminated against the Family on the basis of P.G.2's disability.

61. Defendants are state actors and Lake Central receives federal funds for P.G.2's benefit, including but not limited to funds under the Title One, School Nutrition Funds, and funds under the IDEA.

62. Defendants' actions have prevented P.G.2 from attending school, which is his constitutional right.

63. Defendants' actions and inactions created an environment that was severe and pervasive enough to deprive P.G.2 of access to educational benefits.

64. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV – VIOLATION OF SECTION 504

65. Plaintiffs hereby replead and incorporate by reference all allegations in paragraphs 1-64.

66. P.G.2 is a qualified individual with a disability.

67. Defendants' actions prevented P.G.2 from attending school, even though he had a constitutional right to do so.

68. Defendants' actions and inactions created an environment that was severe and pervasive enough to deprive P.G.2 of access to educational benefits.

69. As a result of discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT V- RETALIATION

70. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-69.

71. Defendants retaliated against G. Family for L.G. and P.G.'s advocacy for P.G.2 and because L.G. and P.G. filed a complaint against Defendants.

72. P.G.2 specifically suffered retaliation and so did L.G.

73. As a result of Defendants' retaliation, Plaintiffs have suffered financial and emotional harm.

## COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-55.

75. Defendants acted intentionally and in reckless disregard of P.G.2's emotion or his parents' emotions.

76. Defendants' conduct was extreme, outrageous, and purposefully humiliating.

77. As a result of Defendants' retaliation, Plaintiffs have suffered financial and emotional harm.

## COUNT VII- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-77.

79. Defendants had a duty to protect P.G.2, to accommodate his disabilities, and to follow his IEP. Defendants had a duty treat P.G.2 with the same dignity and respect as any other nondisabled student.

80. Defendants breached that duty and as a result Plaintiffs have suffered emotional and financial damages.

81. As P.G.2's mother, L.G. advocated for P.G.2's rights and has a constitutional right to do so.

82. L.G. was at risk for harm as a result of the actions Defendants took against P.G.2.

83. L.G. did in fact suffer emotional and financial harm as a result of Defendants' negligence.

## COUNT VIII-NEGLIGENT SUPERVISION

84. Plaintiffs hereby replead and incorporate by reference paragraphs 1-83.

85. Petralia had a duty to supervise the teachers working with P.G.2 and she breached that duty.

86. Augsberger had a duty to supervise the teachers working with P.G.2 and she breached that duty.

87. Petralia had a duty to properly investigate the allegations of abuse and to preserve the evidence regarding the abuse and she did not.

88. Both Petralia and Augsberger negligently supervised the teachers in the classroom working with P.G.2.

89. Given the prior treatment that P.G.2 had suffered throughout the school year and the multiple complaints L.G. made regarding how P.G.2 was being treated, the teachers' actions were foreseeable.

90. As a result of this negligent supervision, Plaintiffs suffered emotionally.

## COUNT IX- INVASION OF PRIVACY

91. Plaintiffs hereby replead and incorporate by reference paragraphs 1-90.

92. Moore and Augsberger took pictures of P.G.2 without his shirt on.

93. They showed these pictures to other teachers in the classroom.

94. Sezniak forced P.G.2 to scratch her back while she laughed at him.

95. Sezniak's, Moore's and Augsberger's actions were highly offensive, inappropriate, and negligent.

96. Sezniak, Moore, and Augsberger acted with actual malice and for the purpose of humiliating P.G.2.

97. These actions caused Plaintiffs substantial emotional and financial harm.

## COUNT X- FALSE IMPRISONMENT AND CONFINEMENT

98. Plaintiffs hereby replead and incorporate by reference paragraphs 1-97.

99. P.G.2 was removed from class for manifestations of his disability and punished for manifestations of his disability.

100. Despite numerous pleas to revise the behavior plan and numerous suggestions on how to deescalate Paul, Defendants did not put an appropriate behavior plan in place and did not follow the de-escalation suggestions or strategies.

101. Defendants did not provide any behavior therapy services to P.G.2.

102. As a result of Defendants' inability to properly serve P.G.2, his behavior escalated.

103. When that occurred, Defendants inappropriately confined and false imprisoned P.G.2.

104. P.G.2 was forcibly restrained in a padded room while crying.

105. P.G.2 was forcibly restrained and forcibly locked in a padded room without reasonable grounds.

106. P.G.2 was forcibly dragged or carried into the padded room and forced to remain there.

107. There was no justification for Defendants' confinement and/or imprisonment of P.G.2.

108. As a result of Defendants' actions, Plaintiffs suffered emotionally and financially.

**COUNT XI- FAILURE TO ACCOMMODATE**

109. Plaintiffs hereby replead and incorporate by reference paragraphs 1-108.

110. P.G.2 is a qualified individual with a disability.

111. Defendants were aware of his disability.

112. Defendants failed to accommodate P.G.2's disability.

113. L.G. met with Defendants a number of times to discuss the accommodations that would be appropriate for P.G.2.

114. Defendants did not allow L.G. to be a meaningful participant in team meetings regarding P.G.2's education.

115. As a result, P.G.2's individualized education plan was not properly developed.

116. P.G.2's teachers did not provide the accommodations that were in the individualized education plan.

117. As a result, Plaintiffs suffered emotionally and financially.

**COUNT XII- DISCRIMINATION ON THE BASIS OF ASSOCIATION**

118. Plaintiffs hereby incorporate and replead all allegations set forth in paragraphs 1-117.

119. P.G.2 is a qualified individual with a disability.

120. P.G.2 is eligible to attend school and has the right to a free appropriate public education under Section 504 and the Individuals with Disabilities Education Act.

121. Lake Central receives federal funding to provide educational services to P.G.2.

122. P.G.2 did not receive a free appropriate public education.

123. P.G.2's disability was not properly accommodated.

124. L.G. suffered retaliation as a result of her advocacy of P.G.2.

125. P.G.2 suffered retaliation as a result of manifestations of his disability.

126. Plaintiffs suffered emotionally and financially as a result of Defendant's discrimination.

## COUNT XIII- HOSTILE EDUCATIONAL ENVIRONMENT

127. Plaintiffs hereby replead and incorporate by reference paragraphs 1-126.

128. P.G.2 is eligible for special education and related services under the Individuals with Disabilities Education Act.

129. Lake Central receives federal funding under the Individuals with Disabilities Act to serve P.G.2.

130. Plaintiffs suffered a hostile educational environment as a result of P.G.2's disability.

131. Defendants' treatment of Plaintiffs, collectively was so severe, pervasive, and offensive that it denied P.G.2 access to a free appropriate public education on the basis of his disability.

132. Defendants, collectively knew that P.G.2 was being harassed, confined, and abused and they were deliberately indifferent to it.

133. Defendants had the authority to address the harassment and discrimination and chose not to.

134. As a result of the hostile educational environment, P.G.2 was improperly separated from typical peers and was deprived of access to educational benefits to which other nondisabled peers had access.

135. As a result of the hostile educational environment, Plaintiffs collectively suffered emotionally and financially.

## PRAYER FOR RELIEF

136. Plaintiffs hereby incorporate by reference and replead all allegations set forth in paragraphs 1-135.

137. Plaintiffs were harmed as a result of Defendants' actions and seek to be made whole financially.

138. Plaintiffs seek financial damages in an amount to be determined at trial.

139. Plaintiffs are entitled to all damages, including but not limited to compensatory and punitive damages.

140. Plaintiffs' attorneys' fees should be reimbursed.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court finds against Defendants and for all other relief deemed just.

        Respectfully submitted,
        CURLIN & CLAY LAW ASSN. OF ATTYS.,

          /s/ Alexandra M. Curlin
        Alexandra M. Curlin  #24841-49
        Curlin & Clay Law
        8510 Evergreen Ave., Ste. 200
        Indianapolis, IN 46240
        amcurlin@curlinclaylaw.com