UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| L.G. and P.G., Individually and as Parents and Next Friends of P.G. 2, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKE CENTRAL SCHOOL CORPORATION, TISA AUGSBERGER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ALISON PETRALIA, IN OFFICIAL AND INDIVIDUAL CAPACITY, LORI MOORE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, AND BECKY SZCZESNIAK, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No.2:24-cv-140-GSL-JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S MOTION FOR FEES PURSUANT TO COURT'S ORDER GRANTING MOTION TO COMPEL

Undersigned counsel for Defendants Lake Central School Corporation, Tisa Augsberger, Alison Petralia, Lori Moore, Becky Szczesniak (hereinafter collectively referred to as "Defendants" or "School"), hereby certifies as follows, pursuant to N.D. Ind. L.R. 37-1:

1. On December 12, 2024, Defendant filed its Motion to Compel Discovery seeking for Petitioner to provide discovery on outstanding interrogatories and requests for production and providing the relevant facts pertaining to Plaintiff's unnecessary delay in meeting discovery requests. [DE 41].

2. Simultaneously, Defendant's filed its Rule 37 Certification, outlining the steps taken by the Defendants in seeking to resolve the discovery issues and its good faith attempts to confer in good faith leading Defendants to file its Motion to Compel. [DE 41-1].

3. Plaintiffs and Defendants also exchanged responses regarding the Motion to Compel on December 30, 2024 and January 7, 2025, respectively. [DE 45 *and* DE 47].

4. To avoid re-stating facts already established by prior pleadings, Defendants hereby incorporate its Motion to Compel, [DE 41], Rule 37 Certification, [DE 41-1], and Reply to Plaintiff's Response to Defendant's Motion to Compel Discovery. [DE 47].

5. On January 7, 2025, the Court entered its Order granting Defendants' Motion to Compel and ordered the Defendants to provide "an itemization of its costs and fees, including attorney's fees, incurred in making its Motion to Compel and an argument as to why it is entitled to these fees." [DE 48].

### Legal Standard

6. When a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, or the attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney fees, in bringing that motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

7. The movant is entitled to the fees when they have attempted in good faith to resolve the discovery issue, the opposing party was not substantially justified in failing to provide the discovery, and it would not be unjust for the expenses to be awarded. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). *See also Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 326-27 (N.D. Ill. 2009) (granting request of attorney fees for bringing a motion to compel after opposing party provided requested documents after the motion to compel was filed). Accordingly, Rule 37(a) mandates a fee-shifting rule where the opposing party must pay when they are not substantially justified in failing to meet their discovery obligations. *Yessenow v. Hudson*, 270 F.R.D. 422, 429 (N.D. Ind. 2010) (citing *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994).

A. *Defendants attempted in good faith to resolve the discovery dispute before bringing a motion to compel.*

8. Defendants' Motion to Compel, and accompanying exhibits, and Rule 37 Certification outlined the lengths that Defendants went to get Plaintiff's to provide discovery in a timely manner. In particular, Defendants agreed to a reasonable extension of time upon Plaintiff's request to respond to discovery request on October 17, 2024; sent numerous emails to Plaintiff's counsel requesting for discovery to be provided so that Defendants could prepare for depositions; met with the Plaintiff on November 14, 2024 to discuss outstanding discovery and ways to get discovery completed; and many unsuccessful attempts via email and telephone to get in contact with Plaintiff's counsel. [DE 41 ¶ 3-20].

9. The Defendants attempted from September 20, 2024 until its Motion to Compel on December 12, 2024 to obtain Plaintiff's responses to written discovery requests as well as conduct depositions of the Plaintiff and non-party witnesses.

10. Clearly, Defendants have taken every step necessary to try and get discovery responses from the Plaintiffs to no avail.

11. In *Yessenow v. Hudson*, the court granted a motion to compel and granted the movant's request for attorney fees after it showed it had sent a letter regarding the outstanding discovery and exchanged emails and phone calls to try and resolve the dispute over an interrogatory question served upon the nonmovant. *Yessenow*, 270 F.R.D. 422, 429 (N.D. Ind. 2010). Similarly, in this case, Defendants have called, emailed, and met and conferred numerous times to resolve this dispute in good faith.

B. *Plaintiff was not substantially justified in their failure to provide discovery prior to the motion to compel.*

12. Plaintiff was not substantially justified in failing to provide discovery.

13. Plaintiff's burden is to show that their delay or refusal to comply with discovery was substantially justified. *See Rickels,* 33 F.3d at 787. Plaintiffs' failure to provide discovery is substantially justified if reasonable people could differ as to the appropriateness of the refusal. *Axis Insur. Co. v. Amer. Specialy Insur. & Risk Services, Inc.*, 340 F.R.D. 570, 573 (N.D. Ind. 2021) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

14. Plaintiff substantially delayed in providing discovery to the Defendants surpassing statutory timelines and even its own deadline after requesting an extension from the Defendant.

15. There is no reasonable basis for Plaintiff's delay and thus no substantial basis for their failure to comply with discovery obligations.

*C. Ordering the Plaintiff to reimburse the expenses for Defendants' Motion to Compel would not be unjust.*

16. It would not be unjust to require Plaintiffs, or Plaintiff's counsel, to reimburse the expenses for Defendant's motion to compel.

17. The function of a motion to compel is to seek court action to force a party to respond to discovery when the movant has done everything within its power to resolve the issue.

18. Plaintiff's ongoing refusal to provide discovery within a timely manner and continuous delays shows a pattern equating to bad faith justifying sanctions. *See Houston v. C.G. Sec. Services, Inc.* 302 F.R.D. 268, 281 (S.D. Ind. 2014) (citing *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

19. Defendants were burdened by their inability to pursue discovery in a timely manner and have been hampered by Plaintiff's unnecessary delay as it pertains to discovery.

20. Defendant's Motion to Compel would have been unnecessary had Plaintiff responded to discovery in a timely manner and responded to Defendant's persistent attempts to get discovery responses from the Plaintiff.

21. Defendants have provided an itemized list of expenses it has incurred in bringing the Motion to Compel including necessary drafting of pleadings, attempts at contacting Plaintiff's counsel, successful communications with Plaintiff's counsel, reply to Plaintiff's counsel regarding ongoing discovery disputes. *See Exhibit A*. Defendants have charged a reasonable rate for its services, which is derived from the reasonable rate for attorneys in the relevant legal market.

22. As such, justice requires that the court order the Plaintiffs, or their counsel, to pay the expenses incurred in bringing Defendant's Motion to Compel.

**WHEREFORE**, pursuant to Rule 37, for the forgoing reasons the Defendants respectfully request the Court to order Plaintiffs to pay the Defendants expenses in the amount of $3,458.00.

Respectfully submitted,

**LEWIS & KAPPES, P.C.**

*/s/ Rodney Pol, Jr.*
Rodney Pol, Jr., Attorney No. 29430-49
**LEWIS & KAPPES, P.C.**
8585 Broadway, Suite 610A
Merrillville, IN  46410
Email: rpol@lewis-kappes.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 21, 2025 a copy of the foregoing was filed electronically. All ECF-registered counsel will receive a copy of this document by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Rodney Pol, Jr.*