IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| L.G. and P.G., INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF P.G.2,<br>Plaintiffs,<br><br>And<br><br>LAKE CENTRAL SCHOOL CORPORATION, TISA AUSBERGER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ALISON PETRALIA, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, LORI MOORE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, AND BECKY SEZNIAK, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,<br>    Defendants. | Cause No. 2:24-cv-140 GSL-JEM |

**PLAINTIFFS'/COUNTER-DEFENDANTS' RESPONSE TO DEFENDANTS'/COUNTERPLAINTIFFS' MOTION FOR FEES**

COMES NOW, L.G. and P.G., individually, as parents and next friends of P.G.2, and do hereby respond to Defendants'/Counter-Plaintiffs' *Motion for Fees.* Plaintiffs object to the request for fees because Plaintiffs did not act in bad faith, were substantially justified in their late response and Defendants were no prejudiced.

This matter involves a family's appeal of an underlying administrative hearing and the pursuit of additional federal claims that are ancillary the administrative hearing and which mainly rely on the same underlying facts and discovery exchanged at the administrative level. Before the hearing,

1

Defendants/Counter-Plaintiffs (hereinafter "Defendants") sent Plaintiffs/Counter Defendants (hereinafter "Plaintiffs") extensive written discovery; received third-party documents and deposed L.G. and the P.G.2's private behavior therapist. In addition to that discovery, Defendants cross examined L.G. for a full day, cross examined her expert witnesses and reviewed all of their documents.

The administrative hearing was over in August and Plaintiffs' counsel was out of the country during the entire month of September. Defendants' counsel knew that Plaintiffs' counsel was out of the country[1] and served Plaintiffs with discovery that is almost the exact same discovery that was previously served in the underlying administrative case. The documents that Plaintiffs provided were the exact same documents Plaintiffs had provided in previous discovery except for the few updated documents to which both parties had access between September of 2024 and December of 2024.

Plaintiffs' counsel tried repeatedly to work with Defendants' counsel regarding (1) extending the time for providing discovery that Defendants, for the most part, Defendants already had, and because the additional work required in re-providing the documents was causing additional anxiety for L.G.

---

[1] Counsel for the parties worked on two cases in 2024. Plaintiffs' counsel had her September vacation planned for months and Defendants' counsel was well aware she would not be in town.

At the time of the production, P.G.2 was still having significant behavior issues in school that L.G. was trying to coordinate while working as a teacher full-time in a neighboring state.

Plaintiffs' counsel asked until November 20 to provide discovery responses, and Defendants' counsel refused. When Plaintiffs' counsel again asked for an extension and explained the extreme amount of stress that Plaintiffs were enduring as a result of the hard transition P.G.2 was having, Defendants' counsel ignored the request and instead filed a motion to compel.

Plaintiffs have responded to all of Defendants' discovery requests. They were substantially justified in taking additional time because P.G.2 was having extreme behavior issues while they were required to respond to discovery. Moreover, even though the underlying hearing decision requires Defendants to provide transportation to P.G.2 between school and the ABA[2] Center, Defendants refuse to do so, forcing Plaintiffs to both find transportation and pay for that transportation daily. Given that Plaintiffs work full-time, were trying to transition P.G.2 to a new school, P.G.2 was having an extremely hard transition to the new school, that Plaintiffs were having to search for and

---

[2] ABA stands for Applied Behavior Analysis. P.G.2 is a student with autism. He started school at the beginning of the 2024-2025 school year at a brand new school and the transition was extremely difficult. He went to the school in the morning and the ABA Center in the afternoon. Plaintiffs had to find private transportation to pick him up from the public school daily an take him to the ABA Center daily.

3

secure private transportation for P.G.2 for school and because Defendants largely already had all of the items they requested in discovery, Plaintiffs' delay in providing responses were not in bad faith and were not prejudicial. Accordingly, Defendants should not be awarded attorney's fees.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendant's request for fees and for all other just and proper relief.

Respectfully submitted,
CURLIN & CLAY LAW ASSN. OF ATTYS.,

*/s/ Alexandra M. Curlin*

Alexandra M. Curlin  #24841-49
Curlin & Clay Law
8510 Evergreen Ave., Ste. 200