UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| L.G. and P.G., individually and as parents and next friends of P.G.2,<br>    Plaintiffs, | )<br>)<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:24-CV-140-GSL-JEM |
| | ) | |
| LAKE CENTRAL SCHOOL CORPORATION, *et al.*,<br>    Defendants. | )<br>)<br>)<br>) | |

**ORDER**

This matter is before the Court on Defendant's (sic) Motion for Fees Pursuant to Court's Order Granting Motion to Compel [DE 53], filed by Defendants on January 21, 2025. Defendants seek attorney's fees in the among of $3,458.00 incurred in making their successful motion to compel. Plaintiffs filed a response on February 4, 2025, and on February 11, 2025, Defendants filed a reply.

Defendants filed a motion to compel discovery on December 12, 2024, arguing that Plaintiff failed to respond to their interrogatories and request for production of documents, despite extensions. On January 7, 2025, the Court granted the motion, finding that Plaintiffs failed to adequately respond to discovery requests as required by the Federal Rules of Civil Procedure and compelling Plaintiff to serve the requested signed discovery responses.

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the payment must not be ordered if the nondisclosure was "substantially justified" or "other

1

circumstances make an award of expenses unjust." *Id*. The Court possesses wide latitude in evaluating the reasonableness of requested attorney's fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendants' motion to compel was granted, so it is up to Plaintiffs to demonstrate that their nondisclosure was substantially justified or other circumstances make an award of attorney's fees unjust. They argue that counsel for Plaintiffs requested extensions of time to provide the discovery, due to the schedule of counsel for Plaintiffs and ongoing school-related struggles suffered by Plaintiffs making it difficult for them to find time to assist with discovery responses, and that the majority of the information requested was already in Defendants' possession because of the underlying administrative case. Defendants argue that Plaintiffs' repeated untimeliness in responding to discovery obligations was not substantially justified.

It appears that counsel for Plaintiffs attempted to obtain agreement for additional time to respond to the discovery requests from Defendants, but did not file a motion for extension of time with the Court. Plaintiffs' response to the motion to compel was likewise untimely and unaccompanied by a request for extension. Although the Court is sympathetic to scheduling difficulties, counsel for Plaintiffs is responsible for meeting deadlines and for seeking extensions of those deadlines with the Court if necessary. *See* Fed. R. Civ. P. 6(b)(1), 16(b)(4). Counsel for Plaintiffs was in control of her travel schedule and could have requested additional time from the Court to account for her travel and when she realized that Plaintiffs were too busy to assist in discovery, but she did not do so. The Court cannot grant a request for extension if one is not requested. In addition, she did not provide signed discovery responses to Defendants until after the motion to compel was granted. Accordingly, the Court finds that the nondisclosure was not substantially justified, and an award of fees is appropriate.

      Plaintiffs do not specifically object to specific time entries or the amount of fees in general, only arguing that they should be exempted from payment because their arguments were substantially justified. Defendants are requesting payment reflecting 22 hours of attorney and legal assistant time at rates ranging from $80 per hour for the legal assistant up to $165 per hour for an attorney. Defendants identify five billers in the attached affidavit, but the statement of legal fees reflects 6 sets of initials. The initials RPJ do not correspond with any of the identified billers so there is no basis for the Court to determine if the hourly rate is reasonable. Accordingly, the Court will disregard those billing entries. In addition, review of the itemization of fees reveals a number of time entries that are not directly related to the issues raised in their motion to compel, including successful exchange of documents and scheduling depositions. Accordingly, after limiting the award to the work performed on the motion to compel in question and to identifiable billers, the Court concludes that payment in the amount of $1,892.50 is reasonable in these circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) ("[T]he most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar.") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

      The Court notes that under Rule 37, payment should be made by "the party, the attorney advising that party, or both." Fed. R. Civ. P. 37(a)(5)(B). Although the Court cannot know who was directing the behavior in this case and will not order a particular allocation of the payment, it appears that at least a portion of the delay and the failure to seek an extension of deadlines prior to their expiration was likely the responsibility of counsel for Plaintiffs.

Accordingly, the Court **GRANTS in part** Defendant's (sic) Motion for Fees Pursuant to Court's Order Granting Motion to Compel [DE 53] and **ORDERS** Plaintiffs and/or their attorney to reimburse Defendants in the sum of $1,892.50 within a reasonable time.

SO ORDERED this 13th day of February, 2024.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record